**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10193 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00098-SRB-1 |
| v. | |
| COTY TRAVIS WATERS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted February 14, 2023[**]

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Coty Travis Waters appeals from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United*

*States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Waters contends that the district court improperly treated U.S.S.G. § 1B1.13 as binding, in contravention of this court's opinion in *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), when determining that he continued to pose a danger to the community. We need not decide this issue because any error was harmless in light of the district court's conclusion that the 18 U.S.C. § 3553(a) factors did not support release. *See United States v. Wright*, 46 F.4th 938, 944-48 (9th Cir. 2022) (erroneous application of § 1B1.13 is harmless if the district court's analysis of the § 3553(a) factors independently supports the denial of compassionate release). Contrary to Waters's argument, the district court did not abuse its discretion in concluding that the § 3553(a) factors, particularly the seriousness of the offense, did not favor compassionate release. *See Keller*, 2 F.4th at 1284 (finding no abuse of discretion in the district court's denial of compassionate release under § 3553(a) after noting "the deference we must afford the district court when it makes these discretionary decisions"). Waters's contention that the district court should have given greater weight to his mitigating arguments and the unanticipated harshness of having to serve his sentence during a pandemic is unavailing. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**